Robert L. Hyde (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff
Shirley Fleming

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHIRLEY R. FLEMING**, | CASE NO.: 3:08-CV-00371-L-BLM |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S DEFAULT JUDGMENT** |
| v. | |
| **BRANCHFELD & ASSOCIATES, P.C.**, | |
| Defendant. | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| | HON. M. JAMES LORENZ |
| | Date: November 17, 2008<br>Time: 10:30 a.m.<br>Courtroom: 14 |

Plaintiff submits this Memorandum of Law in Support of her application for a Default Judgment against Defendant Branchfeld & Associates. (hereinafter "Defendant"). Plaintiff submits on the pleadings and requests no oral arguments, unless required by the Court.

*PROCEDURAL HISTORY*

Plaintiff initiated this suit for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (FDCPA) and the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788 et seq. (RFDCPA), a state statute modeled after the FDCPA, against Defendant Branchfeld & Associates (hereinafter "Defendant"). Plaintiff alleged specific conduct engaged in by Defendant, which violated one or both statutes, listed above. On March 10, 2008, Defendant was served with a Summons and Complaint. Defendant's answer was due April 1, 2008. On July 10, 2008, Plaintiff filed a Request for Entry of Clerk Default, which was subsequently granted by the Clerk on July 11, 2008. This motion for default judgment follows.

*ARGUMENT*

**I. REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the Court. "A plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F.Supp.2d 1069, 1093 (S.D. Cal. 2001)(citations omitted). In exercising that discretion, courts consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th cir. 1986).

In this case, the Court should have no doubt about the propriety of entering a default judgment against the Defendant. There is no question that Defendant is aware of the pending action, yet it refused to appear to defend the lawsuit. Further, Plaintiff has already sought the default of Defendant. A copy of that request was

timely served on Defendant with no response. A substantial amount of time has lapsed between the time Defendant was served a summons and complaint and entering its default and this instant motion for default judgment. In spite of that time lapse, Defendant has done nothing to defend its interests in this case, contact the Court with regard to the entry of default, or contact Plaintiff's counsel. Plaintiff's Complaint adequately states a claim against Defendant for violations of the FDCPA and RFDCPA. Accordingly, the Court should grant Plaintiff's request for default judgment against Defendant.

## II. PLAINTIFF IS ENTITLED TO RECOVER HIS ACTUAL DAMAGES FROM DEFENDANT

As noted above, Plaintiff brought this action against Defendant as a result of its violations of the FDCPA and RFDPCA. Specifically, Plaintiff sought to be compensated for: Defendant's false, deceptive, or misleading means used in connection with the collection of the alleged debt; threats made by Defendant to take action that could not legally be taken or that Defendant did not intend to take; continued contact of Plaintiff by Defendant in demanding payment of the alleged debt after Plaintiff disputed the alleged debt; continued communication after Defendant received Plaintiff's cease and desist letter; failing to conduct an investigation into the facts of the disputed debt; and filing a lawsuit to collect an alleged debt that was beyond the statute of limitations.

**A. The FDCPA and RFDCPA Allows for Recovery of Emotional Distress Type Damages**

The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by

debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e). The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. *Cal. Civ. Code* § 1788.1(a)-(b).

Damages for emotional distress may be recovered under the FDCPA without proving the elements of a state tort. *Wenrich v. Robert E. Cole, P.C.*, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000). Under the FDCPA actual damages for emotional distress may be proved independently of the state law requirements of proof for the tort of intentional infliction of emotional distress. *Grassley v. Debt Collectors, Inc.*, 1992 U.S. Dist. LEXIS 22782 (D. Or. Dec. 14, 1992). Further, neither proof of physical injury nor extreme or outrageous conduct is necessary to support damages for emotional distress under the FDCPA where the violation was intentional. *Keane v. National Bureau of Collections*, Clearinghouse No. 35,923 (D. Md. 1983).

**B. Summary of Illegal Conduct**

Defendant engaged in the following illegal conduct which gives rise to this action. Plaintiff now provides this summary in order to provide the Court more of an understanding of the basis for the amount of damages sought.

Defendant attempted to collect a debt allegedly incurred to Capital One Bank. Plaintiff disputed the alleged debt and demanded that Defendant cease

communication with Plaintiff. Defendant continued to contact Plaintiff, demanding payment of the alleged debt, despite receipt of Plaintiff's cease and desist letter. Defendant failed to conduct any investigation into the facts of Plaintiff's dispute. Had Defendant conducted an investigation, it would have learned the last payment Plaintiff made regarding this alleged debt was on or about October of 2001, and, as such, Defendant's claim was time-barred under the statute of limitations. Despite this, Defendant filed a lawsuit against Plaintiff in the Superior Court of California, County of San Diego.

These actions violated the FDCPA and RFDCPA in constituting unfair and unconscionable means to collect the alleged debt; false, deceptive or misleading representations or means in connection with the debt collection; harassing, oppressive, and abusive conduct; and an attempt to collect an amount not authorized by the agreement nor permitted by law.

### C. The Amount Sought for Actual Damages Is Reasonable Under the Circumstances

The amount of $5,000.00 sought in actual damages is warranted under the circumstances. Plaintiff was forced to endure harassment and abuse from Defendants repeated contact of Plaintiff. This conduct was not engaged in by accident, but was a deliberate approach to intimidate and extort money from Plaintiff. This conduct was abusive and harassment, which warrants an award of actual damages. Recent case law establishing similar default judgments and jury verdicts are commensurate with Plaintiff's request.

In *Panahaisl v. Gurney*, 2007 U.S. Dist. LEXIS 17269, (ND Cal. March 7, 2007), the Northern District of California was asked to assess damages upon Defendant's default in an FDCPA matter. The Court awarded a total of $60,000.00 for the consumers' emotional distress due to Defendants' abusive, harassing, and deceptive debt collection attempts. The emotional distress suffered by the Plaintiffs in *Panahaisl* manifested itself in "embarrassment, fear, anger,

panic, humiliation, nervousness, crying fits, difficulty eating and sleeping, and diarrhea." *Id*

In *Greenpoint Credit Corp. v. Perez*, 75 S.W.3d 40 (Texas Court of Appeals 2002) a jury awarded $5,000,000.00 in emotional distress damages against a debt collector for abusive debt collection tactics.[1]

In *Household Credit Services, Inc. v. Driscol*, 989 S.W. 2d 72 (Texas Court of Appeals 1998) a jury awarded $2,000,000.00 in emotional distress damages (and invasion of privacy) against a debt collector for abusive debt collection tactics.[2]

In *Fernandez v. Citicorp Credit Services*, Docket No. C 522-114 (California Superior Court, February 8, 1989) a jury awarded approximately $96,000.00 in emotional distress damages against a debt collector for abusive tactics.[3]

Based on the complaint filed in this matter, the amount sought in the default judgment and similar cases brought with similar awards, Plaintiff's request of $5,000.00 in actual damages is warranted and supported under the facts set forth above.

## II. PLAINTIFF IS ENTITLED TO STATUTORY DAMAGES FROM DEFENDANT

Statutory damages of up to $1,000.00 are available to Plaintiff under each the FDCPA and RFDCPA for Defendant's unlawful collection activities.[4] The FDPCA provides that any debt collector who violates any provision of the FDCPA is liable for court awarded damages of up to $1,000.00 in addition to any actual damages sustained.[5] Similarly, in addition to any actual damages, Plaintiff can recover an amount of between $100.00 and $1,000.00 under the RFDCPA for

---

[1] The jury also awarded $10,000,000.00 in punitive damages.
[2] The jury also awarded $9,000,000.00 in punitive damages. The total award was eventually remitted down to approximately $10,000,000.00.
[3] The jury also awarded $3,000,000.00 in punitive damages. Verdict Search, February 1989. The information can be found on Lexis, in the Jury Verdicts library).
[4] *See,* 15 U.S.C. § 1692k(a)(2(A), and Cal. Civ. Code § 1788.30(b).
[5] 15 U.S.C. § 1692k(a).

Defendant's illegal conduct.[6]  These damages are akin to a penalty, *see Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997), and they required the Court to consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."[7]  Here, Plaintiff has adequately set forth facts in her complaint that such conduct by Defendant was willful and in complete disregard for the rights of Plaintiff.  Defendant continued to contact Plaintiff despite its receipt of her cease and desist letter, and request that Defendant research Plaintiff's disputed claim.  Defendant, however, failed to conduct any investigation into the facts before filing a frivolous lawsuit against Plaintiff.  Accordingly, based on Defendant's violations of the FDCPA and RFDCPA, Defendant is liable for the maximum amount statutory damages in addition to Plaintiff's actual damages.

Based on Plaintiff's allegations set forth in his complaint, the maximum amount of statutory damages, $2,000.00, are called for in this case.

### III. CONCLUSION

In the present case, Plaintiff requests a total award of $7,000.00 to compensate her for her damages.  This amount represents the sum of Plaintiff's actual damages of $5,000.00, Plaintiff's statutory damages of $1,000.00 under the FDCPA, and Plaintiff's statutory damages of $1,000.00 under the RFDCPA.

Respectfully submitted,

Dated: September 12, 2008              **HYDE & SWIGART**

   /s/ Joshua B. Swigart
Joshua B. Swigart, Esq.

---

[6] Cal. Civ. Code § 1788.30(b).
[7] 15 U.S.C. § 1692k(b)(1).