Robert L. Hyde (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff
Shirley Fleming

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHIRLEY R. FLEMING**, <br><br>          Plaintiff, <br><br> V. <br><br> **BRANCHFELD & ASSOCAITES, P.C.,** <br><br>          Defendant. | CASE NO.: 3:08-CV-00371-L-BLM <br><br> **PLAINTIFF'S MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES AND COSTS** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> **HON. M. JAMES LORENZ** <br><br> **Date: November 17, 2008** <br> **Time: 10:30 a.m.** <br> **Courtroom: 14** |

   Plaintiff submits this Memorandum of Law in Support of her application for an award of attorney's fees and costs against Defendant Branchfeld & Associates. (hereinafter "Defendant"). Plaintiff submits on the pleadings and requests no oral arguments, unless required by the Court.

## FACTS

Plaintiff initiated this suit for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (FDCPA), the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788 et seq. (RFDCPA), a state statute modeled after the FDCPA, by filing a complaint with the Court on February 27, 2008, naming Defendant Branchfeld & Associates (hereinafter "Defendant"). Plaintiff alleged specific conduct engaged in by Defendant, which violated one or both statutes, listed above. On March 10, 2008, Defendant was served with a Summons and Complaint. Defendant's answer was due April 1, 2008. On July 10, 2008, Plaintiff filed Request for Entry of Clerk Default, which as granted by the Clerk on July 11, 2008. It is anticipated that the Court will grant Plaintiff's Motion for Default Judgment. For the purposes of judicial economy, Plaintiff now submits this Motion for Attorney's Fees and Costs, pursuant to both 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30, to be heard after Plaintiff's Motion for Default Judgment.

## ARGUMENT

### PLAINTIFF IS THE PREVAILING PARTY TO THIS ACTION AND THEREFORE ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS

Plaintiff brought this action against Defendant as a result of its violations of the FDCPA and RFDPCA. Specifically, Plaintiff sought to be compensated for: Defendant's false, deceptive, or misleading means used in connection with the collection of the alleged debt; threats made by Defendant to take action that could not legally be taken or that Defendant did not intend to take; continued contact of Plaintiff by Defendant in demanding payment of the alleged debt after Plaintiff disputed the alleged debt; continued communication after Defendant received Plaintiff's cease and desist letter; failing to conduct an investigation into the facts of the disputed debt; and filing a lawsuit to collect an alleged debt that was beyond the statute of limitations.

Following the entry of default entered into on July 11, 2008, Plaintiff has now filed for a default judgment. The Supreme Court has defined a "prevailing party" as the party in whose favor a judgment is rendered. *Buckhannon Bd. & Care Home, Inc. v. VA Dep't. of Health*, 532 U.S. 598, 603. At the time the default judgment is entered, Plaintiff will be the prevailing party. As the prevailing party to the action, Plaintiff is entitled to an award of attorney's fees and costs pursuant to both 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30. Consumers are prevailing parties entitled to an award of attorney's fees and costs for time expended in bringing the action. *Smith v. Law Offices of Mitchell N. Kay*, 762 F. Supp. 82 (D. Del. 1991). The statutory language of the FDCPA makes an award of attorney fees to the successful consumer mandatory. *Booth v. Collection Experts, Inc.*, 969 F. Supp. 1161 (E.D. Wis. 1997).

''The reason for mandatory fees is that Congress chose a 'private attorney general' approach for enforcement of the FDCPA.''[1] Attorney fee awards exceed the damage awards in most cases,[2] and there need be no proportionality between attorney fees and costs.[3] The Truth in Lending Act ("TILA") has identical attorney fee language and courts interpret TILA as requiring the award of attorney fees even

---

[1] *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995), cert. denied, 515 U.S. 1160 (1995).

[2] *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996); *Cope v. Duggins*, 203 F. Supp. 2d 650 (E.D. La. 2002); *Silva v. National Telewire Corp.*, 2001 U.S. Dist. LEXIS 20717 (Plaintiff was awarded attorney fees in the amount of $59,288.50 and costs and expenses in the amount of $5338.45.); Cortez v. Trans Union Corp., 1997 WL 7568 (N.D. Ill. Jan. 3, 1997). (In this FDCPA action, the court awarded attorney fees of $15,028.75 and costs of $7329.89. (D.N.H. Dec. 12, 2001).

[3] *Norton v. Wilshire Credit Corp., 36 F. Supp. 2d 216 (D.N.J. 1999).* (In an FDCPA action, plaintiff won $5800 on a "technical" § 1692g claim. Plaintiff's counsel sought fees and costs of $67,697.56, and was awarded $57,206.34 at his current rate of $215 per hour. The court rejected the argument that there must be proportionality between the damages and the fee. The hours were high because there was an arbitration and an appeal to the Third Circuit. Because plaintiff prevailed on only one of his five claims the fee petition was reduced by five percent. The court also excluded ten percent of the 68 hours spent on summary judgment, when the attorney had already spent 34 hours preparing for arbitration on the same subject.); see also, *Riter v. Moss & Bloomberg, Ltd.*, 2000 U.S. Dist. LEXIS 14470 (N.D. Ill. Sept. 26, 2000). (Case sets forth lodestar standards for determining an FDCPA fee petition, including that fees are mandatory, and the amount of attorney fees requested need not be proportionate to the settlement amount as that would defeat the public benefit advanced by the litigation.)

in cases of minor violations.[4]  In other words, fee shifting is central to the congressional goals for the FDCPA, and that of the California legislature, as can be seen from the statutes and their histories.

Both the FDCPA and RFDCPA mandate the payment of attorney fees to a successful consumer.  The FDCPA states:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—[5] [actual damages];[6] [statutory damages];[7] and;
>
> (3) *in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.*[8] (Italics added.)

Similarly, the RFDCPA states:

> In the case of an action to enforce any liability under this title, the prevailing debtor shall be entitled to costs of the action.  Reasonable attorney's fees, which shall be based on the time necessarily expended to enforce the liability, shall be awarded to the prevailing debtor.[9]

The purpose of this fee shifting provision is to attract competent counsel.[10] In litigation under the FDCPA, an award of reasonable attorney fees is mandatory, and not discretionary.[11]

An award of attorney's fees to a successful consumer under the FDCPA is designed to compensate the consumer for his role in privately enforcing the FDCPA, and Congress intended that the prevailing consumer recover reasonable attorney's fees.[12]

---

[4] *McGowen v. Credit Center*, 546 F.2d 73 (5th Cir. 1977).  See also *Christiansburg Garment Co. v. EEOC* 434 U.S. 412, 415, n.5 (1978) (award of attorney fees mandatory under TILA Act)
[5] 15 U.S.C. §1692k(a).
[6] 15 U.S.C. §1692k(a)(1).
[7] 15 U.S.C. §1692k(a)(2).
[8] 15 U.S.C. §1692k(a)(3).
[9] Cal. Civ. Code §1788.30(c).
[10] Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164, 1167 (7th Cir. 1997)
[11] *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991); *Piples v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's feed. . ."); *Mace v. Van Ru Credit*, 109 F.3d 338, 344 N.3 (7th Cir. 1997).
[12] *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995); see also, *Murphy v. Ford Motor Credit Co.*, 629 F.2d 556 (8th Cir. 1980) (A Truth in Lending Act case).

"Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general."[13]

## ATTORNEY FEES SHALL BE CALCULATED

## PURSUANT TO THE LODESTAR FORMULA

The Ninth Circuit has determined that District courts must calculate awards for attorney's fees using the "lodestar" method.[14] This is especially true with FDCPA actions.[15] The "lodestar" figure is the hours reasonably expended multiplied by an allowed hourly rate.[16] The burden is on the applicant to prove that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award.[17]

Although *Hensley*[18] was decided in the context of a civil rights case, the lodestar analysis is applicable to all cases involving an attorney fee shifting statute. The Supreme Court has previously noted that, "We have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike."[19] The determination of the allowable hours rests with the sound

---

[13] *Graziano*, 950 F.2d 107, 113 (3d Cir. 1991). See also *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990) (awarding attorney fees under the Truth in Lending Act).

[14] See *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001); *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363. Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it. See, e.g., *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000); see also *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1970) (enumerating factors district courts may consider in determining fee awards).

[15] See *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001), an action against a debt collector pursuant to the FDCPA, "District courts must calculate awards for attorneys' fees using the "lodestar" method."

[16] See *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees under 42 U.S.C. §1988).

[17] *Hensley*, 103 S.Ct. at 1941.

[18] 103 S.Ct. 1933 (1983)

[19] *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (quoting *Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973).) See also *City of Burlington v. Dague*, 112 S.Ct. 2638, 2641 (1992) (clean water act case applying lodestar analysis); *Simpson v. Sheahan*, 104 F.3d

discretion of the trial court.[20] Determination of the hourly rate by the trial court should consider a rate "commensurate which [counsel] could obtain by taking other types of cases."[21]

## PLAINTIFFS' ATTORNEY'S FEES ARE REASONABLE

Plaintiff's Counsel has calculated their fees at an amount of $345.00 per hour. Plaintiff's Counsel has previously been certified by this Court at $315.00 per hour.[22] To further support a billing rate of $345.00, Plaintiff's counsel set forth declarations demonstrating recognized expertise in this area of consumer litigation. Joshua B. Swigart is a nationally recognized practitioner in the area of Fair Debt Collection Practices. Mr. Swigart previously co-hosted a legal radio show in San Diego, entitled Know the Law and has appeared on national talk radio to discuss the current state of the IRS allowing private debt collectors to collect back personal income taxes and coverage under the FDCPA. Mr. Swigart also recurrently lectures for the Department of Defense and Naval JAG Core regarding consumer related issues.

### A. Plaintiff's Counsel's Reasonable Hours Expended

Reasonable billing discretion has been used throughout this case. Using reasonable billing discretion, Mr. Swigart and his firm, Hyde & Swigart has performed 11.8 hours in attorney time. Of the 11.8 hours, 3.6 hours were billed at the partner rate of $345.00 per hour for a total of $1,242.00. The remaining attorney hours, 8.20, were billed at the associate rate of $195.00 per hour. An additional 5.9 hours were billed by paralegal/law clerks at a rate of $115.00 per

---

998, (7th Cir. 1997) (civil rights case); *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending case); *Piekarski v. Home Owners Savings Bank*, F.S.B., 755 F. Supp. 859, 863 (D. Minn 1991) (retaliatory discharge case).
[20] *Hensley*, 103 S.Ct. at 1941
[21] *Tolentino*, 46 F.3d 645, 652 - 653 (7th Cir. 1995).
[22] See *Hurtado v. Progressive,* (EDCV05-0635 VAP); See also, *Grant v. American Agencies*, 2008 U.S. Dist. LEXIS 51749; *Kight v. Eskanos & Adler*, attached as Exhit C; *Owens v. Creditor's Interchange*, attached as Exhibit D; and *Dabbas v. Moffitt & Associates*, attached as Exhibit E, and *Voris v. Resurgent Capital*, attached as Exhibit F.

hour for a total of $678.50. The total amount billed by Hyde & Swigart amounts to $3,519.50. A breakdown of the fees and costs is as follows:

**Hyde & Swigart**

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Partners (H&S) | 3.6 | $345 | $1,242.00 |
| Associates | 8.20 | $195 | $1,599.00 |
| Paralegals/ Law Clerks | 5.90 | $115 | $678.50 |
|  | 0 | $0 | $0.00 |
| Total Fees |  |  | $3,519.50 |
| Costs |  |  | $485.73 |
| **Total** |  |  | **$4,005.23** |

### *PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES*

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3). Hyde & Swigart incurred $485.73 as costs and expenses of this litigation, all of which relate to the federal action. The FDCPA allows this Court to award all costs incurred in this action. 15 U.S.C. § 1692k(a)(3).

The District Court of Nevada held that "plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses … includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying." *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).

California's RFDCPA also permits that award of costs to the successful plaintiff. Cal. Civil Code § 1788.17 (incorporating 15 U.S.C. 1692k) and Civil Code §1788.30. Long distance telephone and faxing expenses, as well as copying and postage have been awarded as costs. *Sousa v. Miguel* 32 F.3d 1370, 1374 (9th Cir. 1994). Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. *Libertad v. Sanchez*, 134 F.Supp.2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. §1920. *See Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999). Computer research costs are also recoverable. *United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591-92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routing research tasks that can be accomplished quicker and more economically with LEXIS.") Plaintiff's costs sought to be recovered are for a filing fee, process of service fees, copies, facsimiles, postage and charges to PACER. Thus, Plaintiff's litigation expenses and costs are compensable.

### PLAINTIFF'S COUNSEL WILL SUBMIT A SUBSEQUENT REQUEST FOR ADDITIONAL TIME EXPENDED AND COSTS INCURRED AFTER FILING OF THIS MOTION

The Exhibits to the Declarations submitted by Plaintiff's counsel detail the time expended in this litigation. Any additional time expended preparing a Reply brief or attending any hearing required will be submitted in a Supplemental Declaration. The Ninth Circuit allows the recovery of attorney's fees for time spent preparing and filing a motion for attorney's fees and costs. *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987); *Rosenfeld v. S. Pac. Co.*, 519 F.2d 527, 530 (9th Cir. 1975).

## CONCLUSION

In the present case, Plaintiff's counsel are entitled to reasonable attorneys' fees and costs, under the FDCPA and/or RFDCPA. Plaintiff's counsel's hourly rates are reasonable in light of the prevailing market rate and the hours expended were reasonable, taking into account reasonable billing discretion. Therefore, based on the foregoing, Plaintiff requests attorneys' fees in the amount of $3,519.50 and costs in the amount of $485.73 for a total award of **$4,005.23**.

Respectfully submitted,

Dated: September 12, 2008          **HYDE & SWIGART**

 /s/ Joshua Swigart
Joshua B. Swigart, Esq.