1  Robert L. Hyde (SBN: 227183)
   bob@westcoastlitigation.com
2  Joshua B. Swigart (SBN: 225557)
   josh@westcoastlitigation.com
3  **HYDE & SWIGART**
   411 Camino Del Rio South, Suite 301
4  San Diego, CA 92108-3551
   Telephone: (619) 233-7770
5  Facsimile: (619) 297-1022

6

7  Attorneys for Plaintiff
   Shirley Fleming

8

9  **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11

12 SHIRLEY R. FLEMING,                  | CASE NO.: 3:08-CV-00371-L-LBM

13              Plaintiff,

14 v.                                   | **DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

15 BRANCHFELD & ASSOCIATIES, P.C.,

16              Defendant.              | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

17

18                                      | HON. M. JAMES LORENZ

19                                      | Date: November 17, 2008
                                         | Time: 10:30 am
20                                      | Courtroom: 14

21

22

23 I, Joshua B. Swigart hereby declare under penalty of perjury that the foregoing is

24 true and correct:

25 1.  I am the attorney for the Plaintiff, Shirley Fleming, in the above-entitled

26     action. I have personal knowledge of the information contained in this

27     declaration and could testify to such if called to do so.

28 2.  I am an attorney licensed to practice before all the state courts in the State of

California, and before all federal District Courts in the State of California.

3. I practice law full time as a private consumer rights plaintiff's attorney and am the co-owner and co-founder of Hyde & Swigart, located in San Diego, CA.

4. My practice is almost exclusively devoted to the litigation of both Federal and California State Debt Collection Practices Act matters.

5. I have undergone extensive training in the area of the fair debt collection practices. The following is a list of recent training conferences:
   - National Consumer Law Conference; Oakland, CA – 2003;
   - National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;
   - National Consumer Law Conference; Boston, MA – 2004
   - Five-day extensive one-on-one training with Peter F. Barry; San Diego, CA – 2005;
   - Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005
   - Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005
   - National Consumer Law Conference (FDCPA Mini-Conference); Nashville, TN – 2008;

6. I have been requested to and have made regular presentations to community organizations regarding debt collection laws. The following are a few examples of such presentations:
   a. California Western School of Law, 2005;
   b. Guest speaker on national talk radio. Topic: the passage of House Bill allowing the IRS to send past due consumer tax bills to private debt collection firms;
   c. Regular host on 103.7 Free FM on the radio show Know The Law. Topics addressing specific collection issues. Appearances number more than ten shows;

      d. Department of Defense; JAG Office, Naval Station San Diego;

      e. Canyon Springs High School, Moreno Valley, CA 2003-2006; Careers in the legal field.

7. I have used good judgment and discretion in billing appropriate and reasonable amounts of time in making this application for attorney fees and costs in this matter, and such judgment is based upon the prevailing community standards regarding hourly billing practices.

8. My firm's fees are based on our experience, our proficiency, and our winning track record.

9. The costs sought are reasonable and consistent with typical FDCPA case practice.

10. There are very few attorneys litigating FDCPA matters in California.

11. I am admitted to practice within the following State and Federal courts:
    - Supreme Court of the State of California
    - United States District Court, Northern District of California;
    - United States District Court, Eastern Division of California;
    - United States District Court, Southern Division of California;
    - United States District Court, Central Division of California.

12. The following selection of FDCPA cases have been adjudicated in our favor and highlight both our experience in these matters and the respective court's approval of our fees:

      a. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005)(Summary judgment was granted sua sponte in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

b. *McDonald v. Bonded Collectors, L.L.C.*, 233 F.R.D. 576; (S.D. Cal. 2005)(Motion to amend complaint allowed because the state collection act allows the assertion of class remedies as a result of the amendment included in Cal. Civ. Code § 1788.17).

c. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005)(Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required).

d. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004)(Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA).

e. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005)(Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction).

f. *Geoffroy, et al. v. Washington Mutual Bank*, 484 F. Supp. 2d 1115 (S.D. Cal. 2007)(Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable).

g. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008); Currently on petition to the Supreme Court of California (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing).

13. Based on Plaintiff's counsel's continued experience, Plaintiff's counsel requests a modest ten (10) percent increase in his hourly fee, from $315 to $345 per hour.

14. Plaintiff's counsel's hourly rates include many factors beyond personal compensation, including non-billed office personnel, equipment, insurance, research materials, office and other overhead expenses. FDCPA litigation inevitably involves large corporations, which have the capacity to bring enormous resources to bear that individual consumers are simply unable to meet on their own. Collection companies vigorously resist settling cases, and as here, at times refuse to file any responsive pleading in response to our Complaint. If plaintiff's attorneys are not compensated at a rate that allows them to maintain the technological – as well as intellectual and professional resources – to match corporate defendants' exhaustive resources, consumers simply cannot prevail. Few attorneys have the means and ability to take these cases, and if those that do so are not compensated at a rate that allows them the chance of prevailing on behalf of consumers, these cases will not be brought, and the remedial purpose of this legislation will fail.

15. I understand that the following attorneys in this practice area charge the following rates for handling consumer FDCPA claims: Robert Stempler, an attorney who has practiced FDCPA law since 1998, has an hourly billing rate of $325 for contingency cases; Ronald Wilcox, an attorney who has practiced FDCPA law since 2002, has an hourly billing rate of $280; Peter F. Barry who has practices exclusively in the area of Fair Debt Collections for over twelve years, has an hourly billing rate of $425.

16. Unfortunately, there are relatively few attorneys in California who regularly represent plaintiffs in cases involving the FDCPA. This is most likely due to the specialized and complex nature of the statute and case law and due to the relative financial resources of the respective parties, whereby the consumer is often forced to "match resources" with the defendant and litigate his or her rights up to – and sometimes through – trial.

17. The average consumer does not have funds to litigate this type of case. Therefore, in further justification of our fees, I note that we take such cases on a contingency fee basis, advance all litigation costs and do not charge the consumer one penny up front. If the case is lost, we do not get paid. This alone would justify a fee rate well in excess of the fees we charge for doing hourly work.

18. In order to keep attorneys fees at a minimum, my paralegal and law clerk(s) performed several tasks at a rate of $115.00 per hour.

19. Plaintiff's counsel respectfully submits that this firm utilized skill and careful, thorough preparation and investigation through litigation to reach a favorable result for plaintiff. As such, Plaintiff is entitled to recovery attorney's fees, costs and expenses as follows: Plaintiff's counsel's fee of $3,519.50, and $485.73 in costs for this litigation. For a total award of fees and costs in the amount of $4,005.23. (see detailed fees and costs report attached to Plaintiff's Memorandum as Exhibits A and B).

20. Attached hereto as Exhibit "A" is Plaintiff's fees.

21. Attached hereto as Exhibit "B" is Plaintiff's costs.

22. Attached hereto as Exhibit "C" is the Amended Order Granting Final Approval of Settlement of Class Action Attorney's Fees & Costs in *Kight v. Eskanos & Adler*, Case No.: 05-CV-1999 (AJB), Doc. No. 70.

23. Attached hereto as Exhibit "D" is the Minutes of the United States District Court, Southern District of California, in *Owens v. Creditors Interchange*, Case No.: 06-CV-2597-WHO-RBB.

24. Attached hereto as Exhibit "E" is the Order Following Show Cause Hearing Re: Sanction in *Dabbas v. Moffitt & Associates, et al.*, Civil No. 07-CV-40-IEG(NGS).

25. Attached hereto as Exhibit "F" is the Declaration of Ronald Wilcox in Support of Request for Approval of Attorney's Fees.

26. Attached hereto as Exhibit "G" is the Declaration of Eric Fagan in Support of Request for Approval of Attorney's Fees.
27. Attached hereto as Exhibit "H" is the Declaration of Robert Stempler in Support of Plaintiff's Request for Approval of Attorney's Fees.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed on September 12, 2008, in San Diego, California.

/s/ Joshua B. Swigart
Joshua B. Swigart
Declarant