**EXHIBIT E**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRAS DABBAS,<br><br>    Plaintiff,<br>v.<br>MOFFITT & ASSOCIATES, et al.,<br><br>    Defendants. | Civil No.07cv40-IEG(NLS)<br><br>**ORDER FOLLOWING SHOW CAUSE HEARING RE: SANCTIONS** |

On April 3, 2007, the Court held an Order to Show Cause Hearing in the above-captioned matter to consider whether sanctions should be imposed against Defendant and/or Defense counsel for failing to appear as ordered at the Early Neutral Evaluation Conference ("ENE") on March 21, 2007. Based on the declarations of counsel submitted to the Court [Doc. Nos. 16-17], and having considered the oral arguments made by counsel at the April 3, 2007 hearing, the Court finds that monetary sanctions in the amount of $762.75 must be imposed against Defense counsel, Gary Harrison, pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.1(c)(1)(c), for violating this Court's Notice and Order [Doc. No. 5] filed February 7, 2007 and failing to appear, or make his client available to appear, at the March 21, 2007 ENE.

## DISCUSSION

An Early Neutral Evaluation Conference ("ENE") was scheduled on March 21, 2007 in this case. Plaintiff's counsel, Robert L. Hyde, and Plaintiff Firas Dabbas appeared for the conference. In violation of the Court's Notice and Order filed February 7, 2007 [Doc. No. 5], Defendant's client representative

and Defense counsel, Gary Harrison, failed to appear. As a result, the ENE was not held, and the Court issued an Order Setting Show Cause Hearing [Doc. No. 14] ordering Defendant's client representative and Defense counsel to appear in person before the Court on April 3, 2007 at 10:30 a.m. and show cause why sanctions should not be imposed against them for failing to comply with the Court's Notice and Order. The Court also requested that Plaintiff's counsel submit a declaration outlining any costs and fees incurred to attend the ENE, and requested a declaration from Defense counsel explaining any justification for the failure to appear at the ENE. (*Court's March 21, 2007 Order*, Doc. No. 14, 1.)

Courts may impose monetary sanctions against a party who does not comply with an order scheduling a pre-trial settlement conference, including ENEs. Pursuant to Local Civil Rule 16.1(c)(1)(c), attendance at an ENE "may be excused only for good cause shown and by permission of the court. Sanctions may be appropriate for an unexcused failure to attend." In pertinent part, Federal Rule of Civil Procedure 16(f) states that "if a party or party's attorney fails to participate [in a pre-trial conference], the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, . . . . In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees. . . ." Fed.R.Civ.P 16(f); *see, e.g., Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762 (9th Cir. 2001).

Plaintiff's counsel, Mr. Hyde, submitted a declaration to the Court stating that his client incurred $762.75 in fees and expenses related to his attendance at the ENE. (*Declaration of Robert L. Hyde* ¶ 17.) Defense counsel, Mr. Harrison, submitted a declaration to the Court stating that because the Clerk of Court did not have his current mailing address on record at the time he filed an Answer on behalf of his client, he did not receive notice of the Court's order scheduling the ENE via U.S. mail. Mr. Harrison also states in his declaration that because he was not registered for the Court's electronic filing system at the time he filed his client's Answer on February 5, 2007, he did not receive electronic notice of the Court's order. (*Declaration of Gary Harrison* ¶ 1-4.)

Pursuant to Local Civil Rule 83.3.e, which governs attorney admissions and standards of conduct in the Southern District of California, "[a]n attorney who is a member of the bar of this court, or who has been permitted to practice in this court under Civil Local Rule 83.3.c hereof, shall promptly notify

1  the court of any change of address." This rule places an affirmative duty on the practicing attorney to
2  ensure that the Clerk of Court is provided with his or her most up to date contact information. To this
3  end, the Change of Address form employed by the Clerk's Office is available both on the Court's
4  internet website, at www.casd.uscourts.gov, and in paper form in the Clerk's Office at 880 Front Street,
5  Suite 4290, San Diego, California, 92101. Likewise, General Order 550, "In the matter of Procedural
6  Rules for Electronic Case Filing," places an affirmative duty on all attorneys licensed to practice in the
7  Southern District of California to register for the CM/ECF filing system on or before November 1, 2006.
8  Mr. Harrison, as an attorney licensed to practice in the Southern District of California, failed to perform
9  these duties, which in turn, directly resulted in his failure to appear at the ENE with his client.
10         Accordingly, based on the declarations submitted by counsel regarding this matter and the
11  arguments of counsel at the April 3, 2007 hearing, the Court finds that the failure by Defendant's client
12  representative and Defense counsel to appear at the March 21, 2007 ENE resulted from Mr. Harrison's
13  aforementioned failure to perform two essential duties as a licensed practitioner in the Southern District.
14  Mr. Harrison did not act in a wilful manner, nor did he deliberately set out to violate this Court's orders.
15  However, Plaintiff incurred expenses in relation to the ENE, including attorney's fees and personal
16  travel expenses totaling $762.75. (*Declaration of Robert L. Hyde* ¶¶ 7-13.) In addition, because
17  Defendant's client representative and Defense counsel failed to appear, the ENE could not be held,
18  thwarting an initial effort by the Court to facilitate an early settlement of this matter. Accordingly, the
19  Court finds that an award of monetary sanctions in the amount of $762.75 against Defense counsel Gary
20  Harrison is appropriate.

## CONCLUSION

22         Based on the foregoing, the Court finds that pursuant to Federal Rule of Civil Procedure 16(f)
23  and Local Civil Rule 16.1(c)(1)(c) monetary sanctions in the amount of **$762.75** must be imposed
24  against defense counsel Gary Harrison for violating this Court's February 7, 2007 Notice and Order and
25  failing to appear, or to make his client's representative available to appear, at the ENE scheduled on
26  March 21, 2007. This amount represents the total fees and costs incurred by Plaintiff in relation to his
27  counsel's preparation and appearance at the ENE, as well as his own expenses to actually attend the
28  ENE.

1  Accordingly, **IT IS HEREBY ORDERED THAT** Gary Harrison shall pay monetary sanctions in the amount of $762.75, to be delivered directly to Plaintiff's counsel Robert L. Hyde *__no later than April 24, 2007__*.

**IT IS SO ORDERED.**

DATED: April 3, 2007

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge